# Keller *v.* Gomery-Schwartz Motor Car Company, Appellant.

*Practice, C. P.—Trials—Evidence—Repetition—Exclusion.*

1. The exclusion of relevant evidence does not constitute error where every fact contained in the excluded evidence has already been expressly conceded on cross-examination and it is apparent that no material harm could have been done by refusing to permit the reiteration of the matter previously admitted.

*Contracts—Automobile agency — Rescission — Measure of damages—Case for jury.*

2. In an action against a motor car company to recover damages for breach of a contract constituting plaintiff defendant's sales agent for a period of one year, wherein it was provided that plaintiff should purchase 45 cars from defendant during such time, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that during the second month defendant rescinded the contract, and, while it was highly problematical whether plaintiff would have made any profit on the contract, it appeared that the business of his agency was organized with an experienced and successful salesman on his staff, and the court could not say as a matter of law that plaintiff would have made no profits, had he continued in the business.

Argued March 22, 1916. Appeal, No. 1, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1915, No. 190, on verdict for plaintiff in case of John E. Keller v. Gomery-Schwartz Motor Car Company.    Before Brown, C. J., Mestrezat, Potter, Moschzisker and Frazer, JJ.    Affirmed.

Assumpsit to recover damages for breach of a contract. Before Audenried, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,077.40 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*F. R. Shattuck,* for appellant.—The plaintiff was entitled only to nominal damages: Howard Express Co. v. Wile, 64 Pa. 201. Profits that are contingent are not recoverable: Wilson v. Wernwag, 217 Pa. 82.

*Owen J. Roberts,* with him *J. Edgar Small,* for appellee.—Probable profits are the measure of the damages arising from the wilful breach of an agency contract: Pittsburgh Gauge Co. v. Ashton Valve Co., 184 Pa. 36; Hillsdale Coal & Coke Co. v. Penna. R. R. Co., 229 Pa. 61; Press Pub. Co. v. Reading News Agency, 44 Pa. Superior Ct. 428; French v. Pullman Motor Car Co., 242 Pa. 136.

OPINION BY MR. JUSTICE MOSCHZISKER, May 1, 1916:

On May 12, 1914, the defendant entered into a contract with the plaintiff, under which the latter was made local agent for the sale of Hudson automobiles in York County, this State, until July 1, 1914. On June 29, 1914, another contract to the same effect was entered into, for a term expiring June 30, 1915; therein the defendant agreed to sell and the plaintiff to purchase 45 cars, during the year, to be shipped, from time to time, with sight drafts attached to the bills of lading. Under the first contract, four cars were purchased and paid for by the plaintiff, one of which was retained for purposes of demonstration, and the others sold. He purchased and paid for two cars under the second contract, but had not sold either of them up to August 20, 1914; on that day, the defendant notified the plaintiff this contract was

cancelled; whereupon the latter instituted suit thereon and recovered a verdict, upon which judgment was entered. The defendant has appealed.

The several assignments of error complain of instructions to the jury, and of certain rulings on the evidence. As to the first complaint, it is sufficient to say the charge is a model of care and correctness, such as usually characterizes the work of the learned judge who tried this case, and therein all the issues raised by the proofs were properly submitted to the jury. While, as a matter of fact, it is highly problematical whether the plaintiff would have made any profit out of the contract sued upon, had it not been wrongfully cancelled by the defendant, as the jury on sufficient evidence found it was, yet, since he had the business of his agency organized with an experienced and theretofore successful motor salesman on his staff, we cannot say the case was so devoid of evidence that the issue of probable gain could have been ruled against the plaintiff as a matter of law.

At argument we were impressed by the second assignment; this complains that the trial judge erred in refusing to allow a witness called by the defendant to testify concerning the details of a certain previous business transaction with the plaintiff, in connection with the sale of one of the cars, in order to show that the latter had met with a net loss of $837.60 on the deal in question, and for the purpose of proving a lack of "business skill and ability to sell cars" on his part. We thought that perhaps, under the peculiar circumstances at bar, the exclusion of this offer might in itself constitute material error prejudicial to the defendant, but, when the printed evidence was read, we discovered that every fact contained in the excluded offer had already been expressly conceded, on cross-examination, by the plaintiff; this being so, even though for the moment the relevancy of the proffered testimony be granted, nevertheless it is apparent that no material harm could have been done

by declining to permit the reiteration of matter previously admitted.

The assignments of error are overruled, and the judgment is affirmed.